Nos. 23-7073 (lead), 23-7074, 23-7075

---

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

In the matter of:
Jeffrey B. Clark, *In re*

\*　　\*　　\*

Jeffrey B. Clark, A Member of the Bar of the
District of Columbia Court of Appeals (Bar No. 455315),
*Petitioner-Appellant*
*v.*
D.C. Office of Disciplinary Counsel,
*Respondent-Appellee*

---

## DISCIPLINARY COUNSEL'S OPPOSITION
## TO MOTION FOR STAY

---

HAMILTON P. FOX, III
  *Disciplinary Counsel*

THEODORE (JACK) METZLER
  *Senior Assistant Disciplinary Counsel*

OFFICE OF DISCIPLINARY COUNSEL
515 Fifth Street, N.W.
Building A, Room 117

*Counsel for the Office of Disciplinary
  Counsel*

## INTRODUCTION AND SUMMARY

This case involves three notices of removal stemming from an attorney discipline action against Jeffrey Clark before a hearing committee of the District of Columbia Board on Professional Responsibility. The district court granted Disciplinary Counsel's motions to remand, concluding that the action "is not a removable proceeding" and that it lacks subject-matter jurisdiction to consider it. D.Ct. Docket No. 20 at 1-2, 32 & n.14 (*Remand Opinion*). Clark noted his appeal and, more than a month later, sought a stay pending the resolution of the appeal in the district court. D.Ct. Docket No. 25. Clark gave the district court two days to consider the motion, *id.* at 26, and then filed a motion seeking the same relief in this Court.

Clark first claims that no stay is necessary. He argues that Supreme Court precedent and 42 U.S.C. § 1446(d) forbid a lower tribunal from proceeding with a case purportedly removed under the federal officer removal statute until all appeals are complete. Mot. 4-8. In the alternative, Clark argues that the hearing committee does not yet have jurisdiction to proceed because the district court clerk has not complied with 28 U.S.C. § 1447(c) by mailing a copy of the remand order "to the clerk of the State court." Mot. 9-11. Assuming that the hearing committee may not proceed without such a mailing, Clark argues that he meets the four-factor test for

a stay pending appeal and that the Court should therefore enter a stay to prevent the district court clerk from mailing a certified copy of the remand order. *Id.* at 11-20.

For the reasons below, Clark's motion fails on the merits: his argument that a state court may never proceed while remand orders are on appeal is incorrect, and he has not met his burden to show that he will suffer irreparable injury absent a stay or that he is likely to succeed on appeal. But a more fundamental question underlies Clark's motion and all of his arguments: whether the hearing committee was ever divested of jurisdiction to proceed in the first place. A notice of removal prevents a state court from proceeding only because—and only to the extent that—the removal statutes forbid the state court from doing so. But the statute that prevents a state court from proceeding in a removed civil action (28 U.S.C. § 1446(d)) did not forbid the hearing committee from proceeding here because it is not a court and this is not a civil action. Accordingly, a stay would have no effect on the hearing committee's authority to move forward. Because a stay would not afford Clark any relief, the Court should deny his motion as moot. If the Court reaches the merits, the motion should be denied.

## ARGUMENT

At base, the disciplinary action against Clark is a square peg that does not fit into the round hole provided by the removal statutes. Disciplinary proceedings represent the Court's exercise of its responsibility to protect the public and our system

of justice from unscrupulous lawyers, and they are tailored to that purpose from beginning to end. Disciplinary charges may be brought only against those who have agreed, by becoming members of the bar, to be bound by the Rules of Professional Conduct and to submit themselves to the disciplinary process, and the stakes extend only to what attorneys receive as a result of their agreement: the privilege to practice law. In D.C., that privilege is granted by the Court of Appeals and may be taken away only by that same court. Disciplinary proceedings are the Court's mechanism for determining whether to continue to extend the privilege to practice law to members of its bar. And the tools of discipline—censure, suspension, and disbarment—are tailored to that purpose. They do not include remedies such as civil liability or criminal sanctions which are traditionally available in civil actions or criminal prosecutions.

Attempting to fit disciplinary matters into the removal statutes is a doomed prospect. The difficulty arises at the threshold because the statutes authorize removal only of "civil actions" and "criminal prosecutions" commenced "in State court." 28 U.S.C. §§ 1441(a), 1442(a). But as the district court held, disciplinary proceedings are not civil actions and they are not criminal prosecutions; nor are they initiated in state court. *See Remand Opinion* 13-19. That threshold mismatch confounds any attempt to apply the statutes. For example, the statutes contain different procedural requirements for civil actions than for criminal prosecutions,

leaving no sensible way to determine which requirements would apply to an action that is neither. *Compare* 28 U.S.C. § 1446 *with id.* § 1455. They also continually refer to the "State court" from which the case was removed, creating ambiguity when the body below is a non-court tribunal such as the Board or the hearing committee. *E.g.*, 28 U.S.C. §§ 1446(d), 1447(c), 1455(b).

The Court should not attempt to apply the removal statutes when they cannot sensibly be applied. It should instead recognize that the statutes' inapplicability means that Clark's notices of removal provided the district court with no more than its inherent jurisdiction to determine its own jurisdiction. *See*, *e.g.*, *United States v. United Mine Workers of Am.*, 330 U.S. 258, 291 (1947). They did not divest the hearing committee of jurisdiction to proceed, and the district court's remand decision was not necessary to return jurisdiction to the hearing committee. Accordingly, a stay would not affect the hearing committee's ability to proceed and the Court should deny Clark's motion as moot.

If the Court considers the motion as if it were not moot, it should be denied because Clark fails to show that a stay is warranted.

## I.    There is nothing to stay here.

The right to remove a case from state court to federal court is "purely statutory." 14C Wright & Miller, Fed. Prac. & Proc. Juris. § 3721 (Rev. 4th ed.). The scope of removal "and the terms of its availability . . . are entirely dependent on

acts of Congress." *Id.* It follows that the consequences of removal also depend on acts of Congress. *See id.* Specifically, a state court—or other tribunal—is prohibited from proceeding with a matter only to the extent that the removal statutes say it may not proceed. *See* 28 U.S.C. §§ 1446(d), 1455(b) (describing state courts' authority to proceed in, respectively, removed civil actions and criminal prosecutions). And when the statutes forbid a tribunal from proceeding, they also control when the tribunal may proceed with the matter after remand. *See* 28 U.S.C. § 1447(c).

For most civil actions and criminal prosecutions removed from state court, applying these principles is not complex. To remove a civil action commenced in state court, the defendant must comply with the procedure for removal of civil actions in 42 U.S.C. § 1446. The defendant must file a timely notice stating the grounds for removal in district court and provide a copy of the notice to the affected parties and courts. *Id.* § 1446(a), (d). After that, "the State court shall proceed no further unless and until the case is remanded." *Id.* § 1446(d). Notably, the state court's ability to proceed does not depend on whether the removal was proper. The district court must remand the case to return jurisdiction to the state court. If the district court does so, the court's clerk must mail a copy of the remand order to the clerk of the state court, and "[t]he State court may thereupon proceed." *Id.* § 1447(c). After such a mailing, the federal courts no longer have jurisdiction to

stay the remand. *E.g.*, *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001) ("Once the remand order is certified and mailed, however, the matter remanded is removed from federal jurisdiction.").

The procedure for removal of criminal prosecutions is governed by a separate statute, 42 U.S.C. § 1455. That procedure also involves filing a notice of removal in district court, but both the procedures and consequences of removal differ from civil actions. For example, in civil actions the defendant must generally file the notice of removal within 30 days after receiving the initial pleading or a pleading from which removability may be ascertained. *Id.* § 1446(b)(1), (b)(3). But in criminal prosecutions, the notice is due within 30 days after the arraignment or "any time before trial," and the deadline may be extended for good cause. *Id.* § 1455(b). The state court's ability to proceed after removal also differs from civil actions—indeed, it is almost directly the opposite: "[t]he filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." *Id.* § 1455(b)(3). Unlike in civil actions, the state court is only forbidden from proceeding if, after a hearing, the district court determines "that removal shall be permitted." *Id.* § 1455(b)(5). Thus, unlike civil actions, the state court need not wait for a remand

order or the mailing of a remand order under Section 1447(c) to proceed with the case, except perhaps to enter a judgment of conviction. *Id.* § 1455(b)(2).

In its remand opinion, the district court correctly held that Clark's disciplinary proceeding is not a civil action or a criminal prosecution commenced in state court and rejected Clark's claim that the statutes permit removal of a so-called "hybrid" action. *Remand Opinion* 13-19. Under the plain language of the removal statutes, a proceeding that is neither a civil action nor a criminal prosecution is not removable. *See* 42 U.S.C. §§ 1441(a), 1442(a). As a result, the statutes that control whether a state court may proceed *after* removal—including Section 1446(d)'s requirement that the state court "proceed no further" in removed civil actions—do not apply.

Indeed, because the statutes contain different procedures and consequences for civil actions than they do for criminal prosecutions, attempting to apply them is impossible without first determining that the proceeding is one or the other. For his part, Clark has argued for whichever procedure suits him best, or failing that, no procedure at all. He argued that his initial notice of removal was not untimely under the period for civil actions in Section 1446(b) because it was a "hybrid"

action.[1] *See* D.Ct. Docket No. 1 at 7-11. He now argues that Section 1446(d)—which applies *only* to civil actions—*does* apply because he hopes to keep the hearing committee from proceeding. *See* Mot. 12. The Court should not play along. If this were a civil action removed from state court, Section 1446(d) would have prevented the state court from proceeding. If it were a criminal prosecution removed from state court, Section 1455(b) would have allowed the state court to proceed. But this is not a civil proceeding or a criminal prosecution, and it was not removed from state court. Accordingly, Section 1446(d) did not divest the hearing committee of jurisdiction. Because no statute prevented it from proceeding, the hearing committee could have proceeded while the district court considered the remand motions and may still continue now.

Further, Section 1447(c) did not require the district court clerk to mail a copy of its remand order "to the clerk of the State court" before the hearing committee could proceed. Indeed, to whom would the clerk address such a mailing? The Board on Professional Responsibility is not a court, nor is the hearing committee, and neither has a clerk's office. The clerk cannot be expected to figure out what entity counts as "the clerk of the State court" when the case did not come

---

[1] Section 1446(b) requires a notice of removal in civil actions to be filed within 30 days of the initial pleading, but Clark filed his notice nearly three months after he was served with Specification of Charges. *See* D.Ct. Docket No. 1 at 6-7.

from a state court and there is no clerk's office. It is thus no surprise that the district court clerk did not mail a certified copy of the remand order to anyone in the month that passed before Clark sought a stay. There was nobody to send it to. And because the hearing committee never lost jurisdiction, a stay to prevent the clerk from mailing a copy of the remand order now would have no effect on the hearing committee's ability to proceed. Because a stay would not afford Clark any relief, his motion is moot and should be denied for that reason.

## II.    Clark is incorrect that all appeals of a remand order must be exhausted before a state court may proceed.

Because Clark's notice of removal never divested the hearing committee of jurisdiction, the Court need not reach Clark's sweeping argument that state courts can never proceed while a remand order is on appeal. Mot. 4-8. That argument is also refuted by the plain language of the removal statute and has no support in precedent.

Clark bases the argument on a stray line from the Supreme Court's decision in *BP v. Mayor & City of Baltimore*, a case in which the Court clarified the scope of review of remand orders where removal is premised federal officer removal in addition to other grounds. 141 S.Ct. 1532, 1536 (2021). The Court held that an appellate court may review the district court's reasons for rejecting all of the purported bases for removal and is not limited to reviewing solely the decision on federal officer removal. *Id.* at 1543.

9

The case did not discuss the technical matter of when jurisdiction returns to state court following a district court's remand order, much less hold that a state court may never proceed until all appeals are exhausted. The sentence that Clark leans on comes not from the Court's analysis of the question presented, but instead from a background discussion of the appealability of remand orders. *See id.* at 1536-1537. The Court first explained that "federal appellate courts have generally lacked the power to review a district court order remanding a case to state court." *Id.* at 1536. The Court then observed that the statute has accrued exceptions over time; for example, "a federal court of appeals usually can intervene to test the soundness of the district court's remand order" in civil rights cases removed pursuant to 28 U.S.C. § 1443. *Id.* The Court then noted a second exception, "for suits against federal officers or agencies removed pursuant to 28 U.S.C. § 1442." *Id.* In that context, the Court stated: "Here too, Congress has deemed it appropriate to allow appellate review before a district court may remand a case to state court." *Id.* at 1536.

Clark claims—using boldface, italics, and underlining—that this sentence means that jurisdiction cannot revert to state court until all appeals from a remand order are resolved. Mot. 6. But read in context, it is clear that the Court was simply explaining the exceptions to the general rule that remand orders are not appealable. It was not discussing when jurisdiction reverts to state court following a remand,

much less pronouncing that state courts may never proceed while an appeal is pending.

Clark's theory is refuted by the removal statutes themselves. As discussed, state courts may always proceed in removed criminal prosecutions under Section 1455(b); nothing prevents them from continuing when a remand order is appealed. Likewise in removed civil actions, Section 1446(d) forbids the state court from proceeding only "unless or until the case is remanded." Section 1447(c) then directly authorizes the State court to proceed upon the district court's mailing of a certified copy of the remand order. Again, nothing in statute suggests remand orders are exempt from the ordinary rule that, absent a stay, district court orders may be enforced during an appeal.

Clark does not and cannot point to any case in any court that has adopted his outlandish theory. To the contrary, defendants regularly seek to stay appealable orders remanding cases to state court, and the courts regularly evaluate those motions under the traditional factors. *See, e.g.*, *District of Columbia v. Exxon Mobil Corp.*, No. 22-7163, 2023 WL 1480039, at *1 (D.C. Cir. Jan. 30, 2023) (denying motion to stay remand pending appeal pursuant to federal officer removal).

In sum, Clark's theory is utterly without support. If the Court considers it at all, it should be rejected.

### III.    Clark has not shown that a stay is justified.

Before reaching the merits of Clarks' motion for a stay, the Court must first conclude that a stay would provide him with some relief. To do that, the Court must engage in multiple conjectures. It must suppose (1) that the removal statutes apply as if the disciplinary proceeding were a civil action or criminal prosecution commenced in state court; (2) that the procedures for *civil actions* under Section 1446(d) apply and those for *criminal prosecutions* under Section 1455(b) do not; (3) that the hearing committee counts as a state court in a removed civil action and was thus forbidden from proceeding before remand; (4) that the Court's clerk must mail a copy of its remand order to someone under Section 1447(c) before the hearing committee may resume; and (5) that a stay would forestall the clerk from such a mailing. If the Court engages in all of those suppositions, it should deny Clark's motion because he has not met his heavy burden to show that a stay is justified.

A stay pending appeal is an "intrusion into the ordinary processes of administration and judicial review." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (cleaned up). It "is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Id.* (cleaned up). The motion is evaluated under the traditional four-factor test for a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will

substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434. "The first two factors of the traditional standard are the most critical." *Id.* It is not enough to show a mere possibility of success or some possibility of irreparable injury. *Id.*

Clark's motion fails on the merits because he has not shown he is likely to succeed on appeal or that he will suffer any irreparable injury from the denial of a stay. The public interest also favors denying the stay.

### A. Clark cannot show irreparable harm.

A showing of irreparable harm is crucial to obtaining a stay pending appeal, and the failure to show irreparable harm alone is sufficient to deny such a stay. This Court has thus declined to stay a remand order where the appellants "have not met this court's 'high standard' for demonstrating irreparable injury." *Exxon Mobil Corp.*, 2023 WL 1480039. When the lack of irreparable harm alone "disposes of [the] motion[]," the Court may "address only whether the petitioners have demonstrated that in the absence of a stay, they will suffer irreparable harm." *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985).

This Court "has set a high standard for irreparable injury." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). A possibility of injury is not enough; the injury "must be both certain and great; it must be actual and not theoretical." *Id.* (citation omitted). The injury must also "be beyond

13

remediation." *Id.* "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." *Id.* (cleaned up).

Clark's motion should be denied because he fails to show he would suffer any irreparable harm absent a stay. The only harm he claims is that denial of a purported "right to have his federal defenses adjudicated in an Article III forum" and that he "will be put through local litigation that will irreparably harm his reputation." Mot. 17, 18-19. Neither claim is sufficient to show irreparable injury.

First, Clark's claim that he is entitled to have his disciplinary case heard in federal court is the subject of his appeal on the merits. He cannot shoehorn that merits question to show he will suffer irreparable harm. *See Exxon Mobil*, 2023 WL 1480039, at *1 (rejecting "claimed right to proceed in a federal court" as irreparable harm). Indeed, to qualify as irreparable harm, the injury "must be both *certain* and great." *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297 (emphasis added). Clark could thus demonstrate irreparable injury only by showing he is *certain* to establish his claimed right exists by prevailing on the merits of his appeal. That showing would go well beyond the ordinary requirement to show a likelihood of success, which, as we explain below, he cannot do.

Second, even if it existed, Clark has not shown his claimed right to a federal forum is likely to be denied absent a stay because the disciplinary proceeding is

*unlikely* to conclude before the resolution of the appeal. The disciplinary proceeding has barely begun. Before discipline can be imposed: (1) an evidentiary hearing must be scheduled; (2) the hearing must be held; (3) post-hearing briefing must be completed; (4) the hearing committee must write a report and recommendation; (5) the case must be briefed and argued before the Board on Professional Responsibility; (6) the Board must write its own report; and (7) the case must be briefed and argued a second time before the D.C. Court of Appeals. This appeal will likely conclude long before that. In the unlikely event this Court finds the disciplinary proceeding was removable after all, the case would then proceed in the district court and Clark's claimed right would be vindicated. To the extent he incurs expenses in the meantime, "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *FTC v. Standard Oil Co.*, 449 U.S. 232, 244 (1980).

Finally, the reputational harm Clark claims from news stories covering his disciplinary proceedings (Mot. 18-19) cannot qualify as irreparable harm because the same harm would occur if his case were heard in federal court. Clark offers no reason why his case would receive less attention if heard in federal court than before a hearing committee. Indeed, he does not explain how a public airing of the his conduct is a cognizable injury at all. In sum, Clark has not shown any

irreparable injury sufficient to warrant granting a stay pending appeal, and his motion fails for that reason alone.

### B. Clark has not established a likelihood of success on the merits.

Clark also fails to show he is likely to succeed on the merits of his appeal.

The district court's remand opinion carefully explains why it lacks jurisdiction to adjudicate attorney discipline matters. By their plain text, the removal statutes apply to "civil actions" and "criminal prosecution[s]." 28 U.S.C. §§ 1441(a) 1442(a). Those statues do not reach disciplinary proceedings in furtherance of a court's authority to regulate the practice of law because such proceedings are neither civil actions nor criminal prosecutions. *Remand Opinion* 13-19. As even Clark agrees, an attorney-discipline proceeding is not purely a civil action. *Id.* at 14. It "bears none of the essential hallmarks of a civil case," and is not "of a character traditionally cognizable by courts of common law or equity." *Id.* (cleaned up). Accordingly, numerous federal courts have found that disciplinary matters are not removable as "civil actions." *Id.* at 14-15 (collecting cases). Nor is a disciplinary matter a "criminal prosecution" amenable to removal under 28 U.S.C. § 1442. *Id.* at 16-19. Disciplinary matters do not result in criminal liability, and they serve a different purpose than criminal prosecutions. As the D.C. Court of Appeals has repeatedly held, disciplinary sanctions are not intended "to punish the attorney, but to protect the public and the courts, safeguard the integrity of the profession, and

16

deter respondent and other attorneys from engaging in similar misconduct." *Id.* at 18-19 (quoting *In re Cater*, 887 A.2d 1, 17 (D.C. 2005)).

The district court also showed that Congress intentionally treated D.C. attorney-discipline matters differently than removable civil actions and criminal prosecutions. *First*, in the same statute that made civil actions and criminal prosecutions in D.C. Superior Court removable, Congress placed attorney discipline under the D.C. Court of Appeals with no mention of removability. *Remand Opinion* 2-4. Congress then expressly subjected government attorneys to the ethical rules and disciplinary authority of the jurisdiction where they are licensed by passing the McDade Amendment (and its predecessors). *Id.* at 6-8, 20-32; *see* 28 U.S.C. § 530B.

Clark fails to show he is likely to reach a different result on appeal. He relies most heavily on a provision of the federal officer removal statute that defines "civil action" and "criminal prosecution" to "include any proceeding (whether or not ancillary to another proceeding) to the extent that in such a proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." 42 U.S.C. § 1442(d)(1); *see* Mot. 13-17. The district court previously rejected Clark's argument that this language made a subpoena in the disciplinary action removable on its own. *Remand Opinion* 34. Clark now argues the disciplinary proceeding

itself is removable because Disciplinary Counsel will ultimately seek an order of

discipline from the D.C. Court of Appeals. *Id.* at 13-14. That is incorrect.

The plain language of the statute refutes Clark's argument. Section

1442(d)(1) does not make a proceeding removable *if* a judicial order may eventu-

ally be sought—in a later stage of the proceeding, before a different tribunal. It

makes a proceeding removable "*to the extent that*" a judicial order "is sought" in

the proceeding. 42 U.S.C. § 1442(d)(1) (emphasis added). The next sentence—

which Clark never mentions—clarifies that in such cases "only *that proceeding*"—

the one seeking a judicial order—"may be removed to the district court." *Id.* (em-

phasis added). In other words, even if Clark were correct that his disciplinary ac-

tion could fall within Section 1442(d)(1), only the subpoena-enforcement aspect

that proceeding would be removable, not the underlying disciplinary proceeding it-

self. *See also* 28 U.S.C. § 1446(g) (specifying time limit for removal of subpoena

enforcement matters). And even then, the subpoena-enforcement matter would

only be removable if it were in "state Court," which, under the definition of Sec-

tion § 1442(d)(6), does *not* include the D.C. Court of Appeals. Moreover, even if

Clark could surmount all of the foregoing and show a likelihood that the subpoena-

enforcement action was removable, it would not justify entering a stay to would

prevent the underlying disciplinary matter itself from proceeding.

18

The remainder of Clark's argument likewise fails to show that he is likely to succeed on the merits of his appeal. He argues that disciplinary proceedings are not among the nonremovable actions listed in 28 U.S.C. § 1445, Mot. 13-14, but each item listed there is a "civil action" that might otherwise be removable. Because disciplinary proceedings are not civil actions (or criminal prosecutions), Congress had no reason to specify that they are not removable—they are already excluded by the text of Sections 1441 and 1442.

Clark next claims that the disciplinary action is removable as a "hybrid proceeding" under a functional interpretation of the statute—and claims that courts have found "other types of hybrid proceedings" to be removable. Mot. 19-22. But Clark does not confront the district court's explanation that the functional approach is contrary to the text of the removal statutes and Congress's intent as expressed in the statutes creating the D.C. Courts and in 28 U.S.C. § 530B, which makes attorneys for the federal government subject to the disciplinary authority of their state bar. *Remand Opinion* 20-32.

Clark cites contempt and garnishment cases to support this argument, but none of them hold that there is such a thing as a "hybrid proceeding," much less that "hybrid proceedings" are removable.

The contempt cases Clark cites are not comparable because they all arose from subpoenas against federal officers and have thus been superseded by Section

1442(d)(1), which settles whether such proceedings are removable. Regardless, only two of the decisions discussed whether a contempt proceeding should be classified as a "civil action" or a "criminal prosecution," and neither concluded there is such a thing as a "hybrid" action. Instead, the courts in both cases concluded that the classification is not important because the contempt actions sought to compel a federal officer to act in his official duty or punish him for failing to do so. *See Wisconsin v. Schaffer*, 565 F.2d 961, 962 (7th Cir. 1977); *North Carolina v. Carr*, 386 F.2d 129, 131 (4th Cir. 1967). That reasoning does not apply here because Clark is no longer a federal official and the disciplinary action does not seek to compel official acts.

Clark's wage-garnishment cases likewise fail to establish the existence or removability of so-called "hybrid" actions. To the contrary, they agree that a garnishment is removable if it is a "civil action" and nonremovable if not. *Compare Nationwide Investors v. Miller*, 793 F.2d 1044, 1045 (9th Cir. 1986) ("a state court garnishment proceeding . . . [is] a 'civil action' within § 1442(a)(1)") *with Murray v. Murray*, 621 F.2d 103, 106 (5th Cir. 1980) ("the summons in garnishment is not a civil action commenced in state court" (cleaned up)). The courts' disagreement about whether garnishments are civil actions says nothing about whether Clark's disciplinary proceeding—concededly *not* a civil action—is removable.

Clark thus fails to show that he is likely to succeed on the merits of his appeal. Having failed to establish either of the two critical elements for a stay, Clark cannot meet his heavy burden to show that a stay pending appeal is justified.

### C. The public interest favors denying the stay.

The public interest favors a prompt resolution of this disciplinary matter. Delays in disciplinary proceedings fail to protect the public and reinforce the impression that the disciplinary system is too friendly to attorneys who violate their professional obligations. Those concerns are heightened here because two years have already elapsed since Clark's highly public misconduct. Clark's removals have delayed this matter by nine months, and a stay would serve only to prolong the delay. Indeed, Clark has repeatedly made clear that he will ensure the delay is as lengthy as possible, promising to seek both rehearing after losing in this Court and certiorari after that.

Finally, Clark's misconduct was of a most grievous nature. He attempted to undermine the basic premise of a democracy: the winner of a majority of the votes is elected to office. He did so by attempting to coerce the Acting Attorney General of the United States to intervene in a presidential election based upon a baseless and dishonest claim of election fraud. There is little dispute as to what Clark did. His conduct is documented in the public record and he has not denied it. There is an overwhelming public interest in promptly resolving these disciplinary charges.

## CONCLUSION

The Court should denying the motion for a stay as moot. In the alternative, the Court should deny the motion on its merits.

Respectfully submitted,

HAMILTON P. FOX, III
   *Disciplinary Counsel*

s/Theodore (Jack) Metzler

THEODORE (JACK) METZLER
   *Senior Assistant Disciplinary Counsel*

OFFICE OF DISCIPLINARY COUNSEL
515 5th Street, N.W.
Building A, Room 117
Washington, D.C. 20001

## CERTIFICATE OF COMPLIANCE

1.     I certify that the foregoing complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 5,196 words, excepting the items excluded by Federal Rule of Appellate Procedure 32(f).

2.     This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word.

s/Theodore (Jack) Metzler
THEODORE (JACK) METZLER
  *Senior Assistant Disciplinary Counsel*

OFFICE OF DISCIPLINARY COUNSEL
515 5th Street, N.W.
Building A, Room 117
Washington, D.C. 20001

# ADDENDUM

## Disciplinary Counsel's Circuit Rule 28
## Certificate as to Parties, Rulings, and Related Cases

Pursuant to Circuit Rule 27(a)(4), Disciplinary Counsel states as follows:

### A.    Parties and Amici

The following parties appeared before the district court and are parties in this Court:

Petitioner-appellant Jeffrey B. Clark

Respondent-appellee District of Columbia Office of Disciplinary Counsel

### B.    Rulings Under Review

The rulings at issue in this Court are:

Hon. Rudolph Contreras, Memorandum Opinion Granting Motions to Remand, *In re Clark*, No. 1:22-mc-96 (D.D.C. Jun. 8, 2023). No official citation to the opinion exists.

Hon. Rudolph Contreras, Order Granting Motions to Remand, *In re Clark*, No. 22-mc-96 (D.D.C. June 8, 2023). No official citation to the order exists.

### C.    Related cases

The rulings on review have not previously been before this Court or any other court. No related cases are currently pending in this Court or in any other court of which counsel is aware.

s/Theodore (Jack) Metzler
THEODORE (JACK) METZLER
  *Senior Assistant Disciplinary Counsel*

OFFICE OF DISCIPLINARY COUNSEL
515 5th Street, N.W.
Building A, Room 117
Washington, D.C. 20001