Nos. 23-7073 (lead), 23-7074, 23-7075

_____

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

In the matter of:
Jeffrey B. Clark, *In re*

\*   \*   \*

Jeffrey B. Clark, A Member of the Bar of the
District of Columbia Court of Appeals (Bar No. 455315),
*Petitioner-Appellant*

*v.*

D.C. Office of Disciplinary Counsel,
*Respondent-Appellee*

_____

## DISCIPLINARY COUNSEL'S OPPOSITION
## TO SECOND MOTION FOR STAY

_____

HAMILTON P. FOX, III
  *Disciplinary Counsel*

THEODORE (JACK) METZLER
  *Senior Assistant Disciplinary Counsel*

OFFICE OF DISCIPLINARY COUNSEL
515 Fifth Street, N.W.
Building A, Room 117

*Counsel for the Office of Disciplinary Counsel*

In this appeal, Jeffrey Clark seeks review of a remand order in which the district court found that the attorney-discipline case against him is not a removable civil action or criminal prosecution commenced in state court and that the district court lacks jurisdiction to consider it.

A month after the remand order was entered, Clark sought to stay the remand in the district court. D.Ct. Docket No. 25. Three days later, he sought the same relief in this Court. In that motion, Clark justified the need for a stay by arguing that the remand order would not be effective until the district court's clerk mailed a certified copy of the order to "a local D.C. clerk authorized to receive it" under 28 U.S.C. § 1447(c). *See* Clark July 14, 2023 Mot. at 4; *see also id.* at 9. In opposition, Disciplinary Counsel argued that Section 1447(c) applies only to removed "civil actions," which this case is not, and that a stay would not afford any relief to Clark because his notices of removal never divested the attorney-discipline authorities of jurisdiction to proceed in the first place. *See* Disciplinary Counsel's Opposition (filed July 24, 2023). In other words, there was nothing for this Court to stay.

The district court then denied the motion to stay that Clark filed in that court, *see* D.Ct. Docket No. 34, and Clark was criminally indicted in Georgia. He then asked this Court for a second time to stay the district court's remand order, this

2

time citing his criminal indictment as justification. Like his first motion, Clark's second motion necessarily depends on his argument that the remand order is not effective until the district court's clerk mails a certified copy of the order pursuant to 28 U.S.C. § 1447(c).

Clark's motion should be dismissed as moot, both for the reasons described in Disciplinary Counsel's opposition to his original motion and also because the district court's clerk has now mailed a copy of the remand order to the clerk of the D.C. Court of Appeals. Thus, even if Clark's notices of removal originally divested the disciplinary authorities of jurisdiction to proceed, the remand order has now become effective even under Clark's own argument. Neither the district court nor this Court has jurisdiction to stay the remand.

First, as Disciplinary Counsel explained in response to Clark's first motion to stay, under the plain language of the removal statutes, a notice of removal prevents a lower tribunal from proceeding only if the tribunal is a state court and only if the case is a civil action initiated in state court. *See* 28 U.S.C. § 1446(d). Because this disciplinary case is not a civil action and was not initiated in a state court, Clark's notices of removal did not prevent the hearing committee or the Board on Professional Responsibility from proceeding. For the same reason, Section 1447(c) did not require the district court's clerk to mail a certified copy of the remand order to anyone. By the plain language of Section 1447(c), that

requirement applies only to removed state-court civil actions, which this case is not.

But even if Section 1447(c) applied, it has now been satisfied. In denying Clark's motion for a stay, the district court directed its clerk to mail "as soon as practicable" a certified copy of the remand order to the clerk of the D.C. Court of Appeals, which Clark acknowledged would satisfy Section 1447(c). D.Ct. Docket No. 34 at 12-13. On September 13, the clerk mailed a certified copy of the remand order as instructed. *See* D.Ct. Docket, staff's note (Sept. 13, 2023). Thus, even if the removal statutes initially prevented the disciplinary authorities from proceeding after Clark's removal notices, they may proceed now. 28 U.S.C. § 1447(c) (providing that after the clerk has mailed a certified copy of the remand order, "[t]he State court may thereupon proceed with such case."). Moreover, following the mailing, neither this Court nor the district court has jurisdiction to stay the remand. "Once the remand order is certified and mailed, . . . the matter remanded is removed from federal jurisdiction." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001). Accordingly, a stay would not grant Clark any relief and his motion should be denied as moot.

4

Respectfully submitted,

HAMILTON P. FOX, III
  *Disciplinary Counsel*

s/Theodore (Jack) Metzler
THEODORE (JACK) METZLER
  *Senior Assistant Disciplinary Counsel*

OFFICE OF DISCIPLINARY COUNSEL
515 5th Street, N.W.
Building A, Room 117
Washington, D.C. 20001
(202) 638-1501

## CERTIFICATE OF COMPLIANCE

1. I certify that the foregoing complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 710 words, excepting the items excluded by Federal Rule of Appellate Procedure 32(f).

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word.

s/Theodore (Jack) Metzler
THEODORE (JACK) METZLER
  *Senior Assistant Disciplinary Counsel*

OFFICE OF DISCIPLINARY COUNSEL
515 5th Street, N.W.
Building A, Room 117
Washington, D.C. 20001

5