Nos. 23-7073 (lead), 23-7074, 23-7075

_____

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

In the matter of:
Jeffrey B. Clark, *In re*

\*     \*     \*

Jeffrey B. Clark, A Member of the Bar of the
District of Columbia Court of Appeals (Bar No. 455315),
*Petitioner-Appellant*
*v.*
D.C. Office of Disciplinary Counsel,
*Respondent-Appellee*

_____

## DISCIPLINARY COUNSEL'S OPPOSITION TO
## MOTION REQUESTING RULING ON STAY MOTIONS
_____

This appeal arises from Jeffrey Clark's purported removal of an attorney-discipline proceeding pending before a hearing committee of the District of Columbia Board on Professional Responsibility. The district court remanded, holding that it lacks jurisdiction to hear the matter and that the matter is not removable to federal court.

Clark filed two motions asking this Court to stay the district court's remand order. Disciplinary Counsel opposed, in part, on the ground that staying the remand order would not grant any relief to Clark because his notices of removal never divested the hearing committee of jurisdiction to proceed in the first place. A notice

1

of removal prevents a matter from proceeding in the original forum only when the matter is a civil action initiated in state court. 28 U.S.C. § 1446(d). An attorney-discipline case is not a civil action and this case was not initiated in state court, so the statute does not apply by its plain terms. Thus, the removal did not prevent the hearing committee from proceeding, a remand was not necessary for it to proceed, and an order staying the remand would not actually have stayed anything.

In response, Clark argued that the disciplinary matter was removable as a "hybrid" civil-criminal action. According to his theory, Section 1446(d) prevented the hearing committee from proceeding after the remand until the district court's clerk complied with 28 U.S.C. § 1447(c) by sending a certified copy of the remand order to the hearing committee or to the Board (via the clerk of the D.C. Court of Appeals). Although the premise of that argument is incorrect, it was Clark's only theory as to why staying the remand order would afford him relief by preventing the hearing committee proceedings from going forward. If mailing a copy of the remand was required and had not happened, then this Court could have entered a stay to prevent the mailing.

That is no longer possible. On September 13, the district court clerk mailed a certified copy of the remand order to the clerk of the D.C. Court of Appeals, thereby eliminating any argument that 28 U.S.C. § 1447(c) has not been satisfied. Thus, even if Section 1446(d) had originally divested the hearing committee of

2

jurisdiction to proceed, the hearing committee may proceed now. An order purporting to stay the remand order at this point would not have any effect because to the extent a remand was ever necessary, it has already happened.

Clark admits that his argument under Section 1447(c) is moot, but claims that his other arguments for a stay are still viable. But those arguments cannot succeed unless this Court has the ability to grant relief. Clark does not explain how staying a remand order that has already become effective accomplishes anything. He argues (Mot. 7) that the certified mailing does not moot "all grounds for a stay pending appeal," but even if those grounds were valid, they amount to reasons to close the barn door after the horse has bolted.

Clark's stay motions are doomed to fail, but there is no urgent need for the Court to act before October 18. Clark's motion should be denied.

    Respectfully submitted,

    HAMILTON P. FOX, III
      *Disciplinary Counsel*

    s/Theodore (Jack) Metzler
    THEODORE (JACK) METZLER
      *Senior Assistant Disciplinary Counsel*

    OFFICE OF DISCIPLINARY COUNSEL
    515 5th Street, N.W.
    Building A, Room 117
    Washington, D.C. 20001
    (202) 638-1501

## CERTIFICATE OF COMPLIANCE

1. I certify that the foregoing complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 523 words, excepting the items excluded by Federal Rule of Appellate Procedure 32(f).

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word.

s/Theodore (Jack) Metzler
THEODORE (JACK) METZLER
  *Senior Assistant Disciplinary Counsel*

OFFICE OF DISCIPLINARY COUNSEL
515 5th Street, N.W.
Building A, Room 117
Washington, D.C. 20001
