

1750 K Street NW, Suite 300, Washington, DC 20006
Telephone: 202-386-6920  Facsimile: 202-765-2173

July 3, 2024

*By E-Filing*

The Honorable Mark Langer
Clerk
U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW
Washington, DC 20001Washington, DC

     **RE:**   *In Re Jeffrey B. Clark v. D.C. Office of Disciplinary Counsel*, **Case Nos. 23-7073, 23-7074, and 23-7075 (consolidated)**

Dear Mr. Langer:

    We file this letter pursuant to FRAP 28(j) and Circuit Rule 28(f), citing certain supplemental authorities.

    On July 1, 2024, the Supreme Court decided *Trump v. United States*, 603 U. S. \_\_\_\_ (2024) (Att. 1), holding that conduct within the scope of the President's core official duties was absolutely immune from criminal prosecution and that other official presidential conduct is entitled to presumptive immunity. The conduct held to be within the core official duties of the President in *Trump*—and thus absolutely immune—includes all of the conduct charged against Mr. Clark at issue here.

    *Trump* makes clear that as a matter of federal constitutional law, the President enjoys these immunities ***and*** those communicating with the President at the Justice Department are protected from having their advice or presidential statements made inside that process entered as evidence. Vindicating these principles as applied here can

only be counted on to occur in an Article III forum. Congress did not intend for private volunteers like the Hearing Committee and Board of Professional Responsibility ("BPR") to make such important immunity or immunity-evidence determinations.

Finally, please see our filing on this same topic—made today—to the BPR indicating that the D.C. disciplinary process makes use of unconstitutional private actors and thus also violates *SEC v. Jarkesy*, 603 U. S. \_\_\_\_ (2024) (Att. 2). *See* Att. 3. The D.C. Bar disciplinary process is akin to the SEC's use of ALJs. And the D.C. Hearing Committee's strange hybrid structure of two lawyers—plus one layperson akin to a juror factfinder—is not the equivalent of a true federal court jury empaneled by an Article III court.

Congress cannot be construed as having mandated use of this unconstitutional D.C. disciplinary process, let alone having stripped, *sub silentio*, federal officers like Mr. Clark of their 28 U.S.C. § 1442 removal rights in an implied repeal merely by granting D.C. home rule. It bears underscoring that allowing ***the option*** of 1442 removal does not harm state forums anymore than it does as to a removed 1332 tort case or 1331 federal-question case. Judge Contreras's remand decision must fall.

Respectfully submitted,

/s/ Charles Burnham

Burnham and Gorokhov, PLLC

cc Hamilton P. Fox, III
  Jack Metzler
  Jeffrey B. Clark
  Robert Destro
  Harry W. MacDougald