# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-7073                                                    September Term, 2023

FILED ON: JULY 12, 2024

IN RE: JEFFREY B. CLARK,

JEFFREY B. CLARK, A MEMBER OF THE BAR OF THE DISTRICT OF COLUMBIA COURT OF APPEALS (BAR REGISTRATION NO. 455315),
        APPELLANT

v.

D.C. OFFICE OF DISCIPLINARY COUNSEL,
        APPELLEE

Consolidated with 23-7074, 23-7075

Appeals from the United States District Court
for the District of Columbia
(No. 1:22-mc-00096)

Before: PILLARD, KATSAS and GARCIA, *Circuit Judges*.

### J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument held on May 10, 2024. The court has afforded the issues full consideration and determined they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is hereby

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED.**

\* \* \*

This appeal concerns whether Jeffrey B. Clark, a former United States Department of Justice (DOJ) official, can remove to federal court under either the federal-officer or general removal statute the District of Columbia Bar's disciplinary proceedings against him. The District of Columbia Bar initiated disciplinary proceedings against Clark based on actions he took while

employed in the Department of Justice. The D.C. Bar's Office of Disciplinary Counsel charged that Clark attempted to engage in dishonesty and obstruction of the administration of justice when he credited debunked claims of irregularities with the 2020 presidential election and recommended that federal and state officials take specified actions on the unsupported premise that President Joseph R. Biden Jr. had not been validly elected.

Those charges were pending before the D.C. Court of Appeals' Board on Professional Responsibility (Board) when Clark removed to federal court three matters related to that disciplinary proceeding: (1) the D.C. Bar's disciplinary hearing, initiated under D.C. Bar Rule XI; (2) a petition to enforce an October 26, 2022, subpoena against Clark as part of the D.C. Bar proceedings; and (3) a second subpoena issued on December 18, 2022, as to which the D.C. Bar's Office of Disciplinary Counsel did not seek judicial enforcement. The district court held that none of those matters was removable and remanded them to the Board on Professional Responsibility.

We conclude that both the October 26, 2022, subpoena-enforcement proceeding and the December 18, 2022, subpoena are moot, so there is nothing left to remove. For Clark's Bar disciplinary proceeding itself, we hold that, even if that proceeding were removable, Clark's notice of removal was untimely. We accordingly affirm.

# I

## A

Clark is the former Assistant Attorney General for the Environment and Natural Resources Division and former Acting Assistant Attorney General for the Civil Division of DOJ. He is also a member of the District of Columbia Bar.

The District of Columbia Bar is the mandatory bar association authorized to admit, license, and discipline lawyers practicing in the District of Columbia, and its orders are enforceable in the District of Columbia Court of Appeals. Members of the D.C. Bar are subject to the disciplinary jurisdiction of the D.C. Court of Appeals and its Board on Professional Responsibility. D.C. Bar Rule XI, § 1(a); D.C. Code § 11-2502.1. The Board is composed of seven attorneys and two non-attorney members of the public. D.C. Bar Rule XI § 4(a). The Board has the power to "consider and investigate any alleged ground for discipline or alleged incapacity of any attorney . . . and to take such action with respect thereto as shall be appropriate." *Id.* § 4(e)(1). Attorney discipline proceedings begin with the Office of Disciplinary Counsel (Disciplinary Counsel), which files a petition and specification of charges with the Board to initiate a disciplinary action. *Id.* § 8(c). The matter is then assigned to a Hearing Committee, composed of two members of the Bar and one non-attorney member of the public. *Id.* §§ 5(a), 8(c). The Hearing Committee "conduct[s] hearings on formal charges of misconduct" and "submit[s] [its] findings and recommendations on formal charges of misconduct to the Board, together with the record of the hearing." *Id.* § 5(c)(1), (2).

The Board itself then reviews the findings and recommendations of the Hearing Committee and forwards its own findings, recommendations, and a record of the Hearing Committee proceedings to the D.C. Court of Appeals for final disposition. *Id.* § 4(e)(7). The court must "accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record," and it will adopt the Board's recommended disposition unless doing so would lead to inconsistent outcomes for similar conduct or would "otherwise be unwarranted." *Id.* § 9(h)(1). Sanctions of suspension or disbarment against an attorney require an order from the D.C. Court of Appeals. *Id.* § 9(g)(1).

**B**

On July 22, 2022, Disciplinary Counsel initiated attorney discipline proceedings against Clark by serving him with a specification of charges. That charging document alleged that Clark "attempted to engage in conduct involving dishonesty" in violation of D.C. Bar Rules 8.4(a) and (c), and "attempted to engage in conduct that would seriously interfere with the administration of justice" in violation of D.C. Bar Rules 8.4(a) and (d). Specification of Charges ¶ 31 (J.A. 48).

Those charges arose from Clark's service in the Department of Justice following the 2020 presidential election. The allegations in the specification of charges include the following:

As Acting Assistant Attorney General for the Civil Division, Clark had "no involvement in or responsibility for [DOJ's] post-election investigations into allegations of fraud or irregularities." *Id.* ¶ 9 (J.A. 42). The Department of Justice, through the Federal Bureau of Investigation, the relevant United States Attorneys, and the Public Integrity Section of DOJ's Criminal Division, had conducted investigations into those allegations, *id.* ¶¶ 3-6 (J.A. 41), and then-Attorney General William Barr had "publicly announced that there was no evidence of election fraud or irregularities that would have altered the result of the 2020 presidential election," *id.* ¶ 6 (J.A. 41). Apparently unwilling to credit the Attorney General's judgment, Clark assigned a senior counsel in the Civil Division "to research the authority of state legislatures to send unauthorized slate[s] of electors to Congress." *Id.* ¶ 12 (J.A. 42). Clark then used that research to draft a letter for signature by the newly elevated Acting Attorney General and Acting Deputy Attorney General "addressed to the Georgia Governor, Speaker of the House, and President *Pro Tempore* of the Senate." *Id.* ¶¶ 12-14 (J.A. 42-43).

The proposed letter recommended that the Georgia legislature convene a special session to choose between competing slates of electors—one supporting Joseph R. Biden Jr. and a separate slate supporting Donald J. Trump. Disciplinary Counsel's charging document alleges that the letter contained multiple false or misleading statements, including that DOJ had identified evidence of fraud or irregularities in the 2020 election and that the letter reflected DOJ's conclusions about Georgia law and the elections held there. *See id.* ¶¶ 17-19 (J.A. 44). Higher-level DOJ leadership prevented the letter from being sent because they believed it contained false statements. *Id.* ¶ 21 (J.A. 45).

3

On October 17, 2022, almost three months after Disciplinary Counsel served Clark with its specification of charges, Clark filed his first notice of removal to the U.S. District Court for the District of Columbia. He sought based on the federal-officer or general removal statutes to shift the Disciplinary Counsel's proceeding "from the District of Columbia Court of Appeals . . . and its adjunct [bar disciplinary] bodies" to federal court. First Notice of Removal (J.A. 1); *see* 28 U.S.C. § 1441 (general removal); *id.* § 1442 (federal-officer removal).

Meanwhile, Disciplinary Counsel served on Clark the first of two subpoenas at issue in this case. *See* D.C. Bar Rule XI § 18(a). The first subpoena, dated October 6, 2022, sought "all documents and records . . . of which [Clark] w[as] aware before January 4, 2021, that contain evidence of irregularities in the 2020 presidential election and that may have affected the outcome in Georgia or any other state." October Subpoena at 3 (J.A. 766). It also sought certain correspondence and legal research from that period relating to Clark's proposed letter.

After Clark refused to comply with the October 6 subpoena, Disciplinary Counsel moved in the D.C. Court of Appeals to enforce it. *See* D.C. Bar Rule XI § 18(d) (providing for motions to enforce bar-discipline subpoenas before the D.C. Court of Appeals). On November 25, 2022, Clark filed his second notice of removal, this time purporting to remove that enforcement motion. The D.C. Court of Appeals held the enforcement motion in abeyance pending the resolution of Clark's removal of the matter to federal court. *See In re Clark*, 311 A.3d 882, 886 (D.C. 2024) (per curiam).

While the two removal notices were pending in federal district court, on December 27, 2022, Disciplinary Counsel attempted to serve Clark with a second subpoena. One month later, on January 26, 2023, Clark filed his third notice of removal, seeking to remove the new subpoena itself to federal court. *See* Third Notice of Removal (J.A. 777).

On June 8, 2023, the district court granted Disciplinary Counsel's motions to remand all three proceedings. *In re Clark*, 678 F. Supp. 3d 112 (D.D.C. 2023). The court concluded that neither the federal-officer removal statute, 28 U.S.C. § 1442, nor the general removal statute, *id.* § 1441, applied because the disciplinary proceeding, with related subpoenas, was neither a "civil action" nor a "criminal prosecution" under those statutes. *Id.* at 122-33 (quoting 28 U.S.C. §§ 1441(a), 1442(a)). It also rejected Clark's alternative argument that 28 U.S.C. § 1331 supports removal under a "complete preemption" theory. *Id.* at 133. In Clark's view, 28 U.S.C. § 530B—confirming states' authority to regulate federal government attorneys on the same terms as other attorneys—does not apply in the District of Columbia, which is not a state, leaving DOJ lawyers here subject to federal disciplinary authority reviewable only in federal court. *Id.* The district court, having concluded that section 530B "unambiguously applies to D.C.," *id.* at 129 n. 9, held that "[t]his case does not arise under federal law," *id.* at 133.

Although Clark's removal efforts included the December 27 subpoena, he eventually voluntarily complied with it. The district court noted that its analysis would apply equally to the

4

December subpoena, but the second subpoena did "not appear to represent a live proceeding over which the Court could exercise removal jurisdiction." *Id.* at 115 n.2.

After Clark filed his notice of appeal, he unsuccessfully moved—first in the district court and then in this Court—to stay the district court's remand order pending this appeal. *See In re Clark*, No. 22-mc-96 (D.D.C. Aug. 25, 2023), ECF No. 34 (order denying motion for stay); *In re Clark*, No. 23-7073 (D.C. Cir. Feb. 6, 2024), Doc. No. 2039021 (same). The D.C. Court of Appeals then summarily granted Disciplinary Counsel's motion to enforce the October subpoena. *See In re Clark*, 311 A.3d at 886. Clark's disciplinary proceeding recommenced, and the Hearing Committee completed its hearing. Oral Arg. Rec. at 46:18-30.

On February 26, 2024, the D.C. Court of Appeals granted Clark's rehearing petition, reversed course, and denied Disciplinary Counsel's motion to enforce the October subpoena seeking to compel Clark to produce documents from his time at DOJ. *See In re Clark*, 311 A.3d at 886. In a March 24, 2024, opinion explaining that order, the court held that, because the documents "relate directly to the central charges against [Clark]" in two pending criminal indictments, the subpoena could not be enforced consistently with Clark's Fifth Amendment right not to be "compelled in any criminal case to be a witness against himself." *Id.* at 889-90 (quoting U.S. Const. amend. V). The way the subpoena was framed, "the act of production and the provision of the related information . . . would be sufficiently testimonial and potentially incriminating to entitle Mr. Clark to invoke his Fifth Amendment privilege not to be compelled to be a witness against himself." *Id.* at 892. That order effectively ended Disciplinary Counsel's bid to obtain certain research and correspondence relating to Clark's actions during his service at DOJ. The Hearing Committee concluded its review based on the information it had otherwise obtained.

## II

We first address Clark's removal of Disciplinary Counsel's October subpoena-enforcement proceeding and December subpoena. Because we conclude that both the October subpoena-enforcement proceeding and the December subpoena are moot, we have no power to decide whether either is removable under the federal-officer or general removal statutes.

Disciplinary Counsel has met its burden to show that the dispute over removability of the October subpoena-enforcement proceeding is moot. After the district court remanded that proceeding to the D.C. Court of Appeals, that court denied Disciplinary Counsel's motion to enforce that subpoena. *In re Clark*, 311 A.3d at 882. We cannot provide Clark any meaningful relief from the October subpoena enforcement beyond what he obtained from the D.C. Court of Appeals: an order protecting him against compelled disclosure to Disciplinary Counsel of materials responsive to the October subpoena. There is no prospect of further review because Disciplinary Counsel has disclaimed any plan to seek review of the D.C. Court of Appeals decision. *See* Oral. Arg. Rec. at 44:13-18. Disciplinary Counsel also confirmed that Clark's Hearing Committee proceeding has concluded, the factual record is complete, and Disciplinary Counsel does not intend to issue any further subpoenas or seek additional documents. *See id.* at

5

46:20-47:01.  There is thus "no pending [proceeding] in which [the subpoenaed material] can be used," *In re City of El Paso*, 887 F.2d 1103, 1106 (D.C. Cir. 1989) (per curiam), making it "absolutely clear that the challenged conduct will not recur," *Valancourt Books, LLC v. Garland*, 82 F.4th 1222, 1230 (D.C. Cir. 2023) (internal quotation marks omitted).

The dispute over removal of the December subpoena is also moot.  Clark voluntarily produced the requested materials on December 18, 2023, nearly a year after the subpoena issued.  Disciplinary Counsel accordingly did not seek judicial enforcement of that subpoena.  And Clark has not sought any kind of "partial remedy, such as ordering the return or destruction of disputed materials" that could prevent mootness.  *See In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n*, 439 F.3d 740, 743 (D.C. Cir. 2006) (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 13 (1992)).  Indeed, his reply brief raises no opposition to Disciplinary Counsel's observation that the December subpoena is moot.  We thus have no occasion to rule on the removal of either of the subpoena matters.

### III

We next address Clark's removal of the D.C. Bar disciplinary proceeding itself—*i.e.*, Clark's first removal motion.  Disciplinary Counsel argued to the district court that Clark's notice of removal of that proceeding was time-barred.  The district court remanded the proceeding on other grounds without addressing timeliness, but Disciplinary Counsel renews that argument here and we retain "discretion to consider alternative grounds for affirmance resting on purely legal arguments." *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 112 (D.C. Cir. 2020) (per curiam).

A party in a civil action has 30 days to remove a case after being served with its "initial pleading." 28 U.S.C. § 1446(b).  As mentioned, attorney discipline under the D.C. Bar commences with the filing of a petition and specification of charges with the Board on Professional Responsibility.  *See* D.C. Bar Rule XI § 8(c).  Disciplinary Counsel filed its petition instituting formal disciplinary proceedings before the Board on July 19, 2022, *see* Petition Instituting Disciplinary Proceedings at 1 (J.A. 50), and it served Clark with a specification of charges on July 22, 2022, *see* First Notice of Removal at 6 (J.A. 6).  That specification of charges is the "initial pleading" for purposes of removal, meaning that Clark had to file his notice of removal on or before August 21, 2022.  Yet he did not file it until October 17, 2022, well beyond the 30-day deadline, making his removal untimely.

The 30-day time limit to file a notice of removal is "mandatory" and "a timely objection to a late petition will defeat removal." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).  We conclude that, even were such a bar disciplinary proceeding otherwise eligible for removal under either the federal-officer or general removal statute, Disciplinary Counsel timely and accurately objected in the district court that Clark's notice of removal was untimely.  That suffices to defeat his removal of his disciplinary proceeding.

6

Clark lodges three responses, but none is persuasive. First, he contends that the 30-day time limit does not apply because an attorney discipline proceeding is "quasi-criminal in nature," Reply Br. 20-21, so removable "at any time before trial" under 28 U.S.C. § 1455(b)(1), which governs "removal of a criminal prosecution." But, as the D.C. Court of Appeals recently reiterated, "[b]ar disciplinary proceedings are not criminal prosecutions in any sense." *In re Blackwell*, 299 A.3d 561, 570 n.3 (2023) (internal quotation marks omitted). Other courts have similarly characterized attorney discipline as non-criminal. *See, e.g.*, *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 117 (2d Cir. 2009) (explaining that, whereas "[p]unitive fines and imprisonment are the common tools of the criminal law," "[t]ools of attorney discipline, such as reprimands, are not traditional criminal punishments").

Second, Clark contends that, even if the attorney discipline proceeding were civil in nature, the 30-day removal clock in 28 U.S.C. § 1446(b) did not begin to run until September 15, 2022, when the D.C. Court of Appeals dismissed as moot the Disciplinary Counsel's pending and contested motion to enforce a prefiling investigative subpoena not at issue in this appeal. We disagree. Even if the pendency of the motion to enforce the investigative subpoena somehow temporarily deprived the Board or the Hearing Committee of jurisdiction, that is irrelevant to the timeliness question. Under both the federal-officer and general removal statutes, timeliness of removal is measured from the time the defendant receives a "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Clark was on notice by July 22, 2022, that a disciplinary action against him had been filed. He needed to notice his removal within 30 days of that date.

Finally, Clark argues that, even if his October removal of the disciplinary action were untimely, his November removal of the October subpoena-enforcement proceeding was timely, which he claims teed up all his arguments in federal court. But, again, both the October subpoena-enforcement proceeding and the December subpoena are moot. Neither can serve as a bootstrap to remove the disciplinary proceeding.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a).

**Per Curiam**

                  **FOR THE COURT:**
                  Mark J. Langer, Clerk

       BY:  /s/
            Daniel J. Reidy
            Deputy Clerk