Nos. 23-7073 (lead), 23-7074, 23-7075

_____

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

In re: Jeffrey B. Clark

_____

Jeffrey B. Clark, A Member of the Bar of the
District of Columbia Court of Appeals (Bar No. 455315),
*Appellant*

v.

D.C. Office of Disciplinary Counsel,
*Appellee*.
_____

# DISCIPLINARY COUNSEL'S OPPOSITION TO
# MOTION TO RECALL THE MANDATE
_____

Appellant Jeffrey Clark asks the Court to recall its mandate, arguing that it was issued prematurely as the result of a clerical error. The Court should deny the motion.

In its July 12, 2024 decision, the Court directed the Clerk "to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*." *In re Clark*, No. 23-7073, slip op. at 7. The Clerk correctly issued the mandate 39 days later. Under this Court's Rule 35(a), the deadline for a petition for rehearing was 30 days after the Court's decision.

1

Because the 30th day fell on a Sunday, the deadline shifted to Monday, August 12, 2024, which passed without any petition for rehearing. After seven more days elapsed, the Clerk followed the Court's directive and issued the mandate on Tuesday, August 20, 2024.

Clark claims that the Clerk mistakenly calculated the deadline for his rehearing petition and therefore issued the mandate prematurely. He argues that the Clerk should have used the 45-day deadline that applies "if one of the parties is . . . a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf." Fed. R. Civ. P. 40(a)(1). That is incorrect because in this matter Clark is not a former federal officer sued in his individual capacity for acts on behalf of the United States.

Rather, Clark is the subject of an attorney discipline proceeding—not a lawsuit—brought before the disciplinary apparatus of the District of Columbia Court of Appeals. Disciplinary Counsel did not "sue" Clark to initiate that proceeding. It was brought (and is presently proceeding) under the dictates of D.C. Bar Rule XI. And while the conduct underlying the disciplinary charges occurred while Clark was an attorney for the federal government, that conduct has never been before this Court or the district court. The only issue in federal court has been Clark's improper and untimely attempt to remove the disciplinary matter. In the

removal dispute, Clark was not "sued" in any sense or capacity; he was the party who initiated the case. Thus, in the parlance of FRAP 40(a)(1)(D), this matter does not involve a former federal officer "sued in an individual capacity" for his conduct as a federal officer. Accordingly, the correct deadline to file a petition for rehearing was 30 days after the Court's opinion. D.C. Cir. Rule 35(a). That deadline expired on August 12 and the Clerk was correct to issue the mandate on August 20.

It does not matter that Clark's removal efforts were premised on the federal officer removal statute. To fit within Rule 40(a)(1)(D), a party must be both "a current or former United States officer or employee," and also "sued in an individual capacity" for acts on behalf of the United States. At most, Clark's invocation of federal-officer removal made his status as a federal officer one of several issues in the removal case. But it did not transform the character of the removal proceeding from one that Clark initiated into one in which Clark was sued. In federal court, Clark has always been a litigant attempting to remove a separate matter involving attorney discipline. To hold otherwise would permit parties to choose by their own allegations which rules should apply to them.

## CONCLUSION

The motion should be denied.

Respectfully submitted,

HAMILTON P. FOX, III
  *Disciplinary Counsel*

s/Theodore (Jack) Metzler
THEODORE (JACK) METZLER
  *Senior Assistant Disciplinary Counsel*

OFFICE OF DISCIPLINARY COUNSEL
515 5th Street, N.W.
Building A, Room 117
Washington, D.C. 20001
(202) 638-1501
