# In the United States Court of Appeals for the District of Columbia Circuit

———————————

IN RE JEFFREY B. CLARK,

*Respondent-Appellant,*

v.

D.C. OFFICE OF DISCIPLINARY COUNSEL,

*Appellee.*

———————————

**On Appeal from the United States District Court for the District of Columbia**

**Nos. 22-mc-00096-RC, 22-mc-00117-RC, and 23-mc-00007-RC**

———————————

**PETITION FOR REHEARING EN BANC**
**BY RESPONDENT-APPELLANT JEFFREY B. CLARK**

———————————

Charles Burnham
Burnham and Gorokhov, PLLC
Suite 500
1424 K Street, NW
Washington DC 20005
(202) 386-6920
charles@burnhamgorokhov.com

Harry W. MacDougald
Caldwell, Carlson,
    Elliott & DeLoach LLP
Suite 1600 Atlanta
Two Ravinia Drive
Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com

*Attorney(s) for Appellant*
*Jeffrey B. Clark*

# CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES

Pursuant to Circuit Rule 28(a)(1), the Appellate states as follows:

## I.   PARTIES AND *AMICI*

Jeffrey B. Clark, Respondent-Appellant

D.C. Office of Disciplinary Counsel, Appellee

There are no *amici curiae* at this time.

## II.   RULINGS UNDER REVIEW

1.  Memorandum and Order remanding case to the District of Columbia Court of Appeals and its adjuncts (the Board of Professional Responsibility and Hearing Committee #12), *In re Clark*, --- F. Supp. 3d ---, 2023 WL 3884119 (June 8, 2023) (Contreras, J.) [JA__].

2.  Memorandum and Order denying Motion to Stay and denying as moot Motion for Supplemental Briefing (Aug. 25, 2023) [JA__].

## III.   RELATED CASES

This case was before the Court under the same consolidated case numbers for purposes of adjudicating two requested stays pending appeal. The Court denied the stays pending appeal on October 26, 2023 in a per curiam order [JA__].

Three related cases exist in the D.C. Court of Appeals ("DCCA"), the second and third of which remains pending:

1.  *In re Clark*, DCCA No. 22-BS-0059 (dismissed as moot Sept. 15, 2022).

2.  *In re Clark*, DCCA No. 22-BG-089. On February 26, 2024, the D.C. Court of Appeals ruled in favor of Mr. Clark and denied enforcement of Appellee's subpoena, indicating that an opinion would be forthcoming, which was issued on March 15, 2024.

3.  *In re Clark*, DCCA No. 24-BG-0719. This is an interlocutory appeal of denials by the D.C. Bar's Hearing Committee #12 and Board of

Professional Responsibility of Mr. Clark's right to seek interlocutory review of the denial of his right to one or more of three species of immunity: (1) the absolute immunity of President Trump to consult with the U.S. Justice Department under *Trump v. United States*, 144 S. Ct. 2312 (2024); (2) absolute prosecutorial immunity under that case and based on a line of preexisting Supreme Court precedent; and (3) qualified immunity applicable to presidential advisors. Additionally, that appeal encompasses Mr. Clark's argument that the *Trump* evidence-exclusionary rule concerning presidential consultations with the U.S. Justice Department applies and is also appealable on an interlocutory basis. The case remains pending.

Additionally, this case is related to the criminal action pending in Fulton County Georgia Superior Court captioned as *State of Georgia v. Trump, et al.*, No. 23SC188947 (pending).

Mr. Clark removed the Fulton Superior Court Criminal case to the U.S. District Court for the Northern District of Georgia, in *State of Georgia v. Jeffrey B. Clark*, Case No. 1:23-CV-03721-SCJ. That case is currently on interlocutory appeal concerning whether the Fulton County District Attorney should be disqualified or not in *Clark v. State of Georgia*, No. A24A1602 (Ga. Ct. App.) (pending).

That case was remanded, and Mr. Clark appealed the remand to the U.S. Court of Appeals for the Eleventh Circuit, as *State of Georgia v. Jeffrey B. Clark*, Case No. 23-13368. That appeal remains pending as of this filing.

## CORPORATE DISCLOSURE STATEMENT

Neither of the parties to this appeal are non-governmental corporations, associations, joint ventures, syndicates, or other similar entities and so there is no obligation for Mr. Clark (or for the Appellee) to file a corporate disclosure statement under Fed. R. App. P. 26.1(a) or D.C. Cir. Rule 26.1(a).

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES .............. i

    I.   Parties and *Amici* ................................................................. i

    II.  Rulings Under Review ............................................... i

    III. Related Cases ............................................................. i

CORPORATE DISCLOSURE STATEMENT ....................................... iii

TABLE OF AUTHORITIES ................................................................. v

INTRODUCTION AND RULE 35 STATEMENT .................................. 7

QUESTIONS PRESENTED ................................................................ 10

BACKGROUND ............................................................................... 10

ARGUMENT ................................................................................... 14

    I.   The Charges in This Case Were Removed on a Timely Basis Because the Supreme Court Has Held that Attorney Discipline Cases Are Quasi-Criminal in Nature. ................................................................. 14

    II.  The Case is Removable Under the Plain Text of 28 U.S.C. § 1442 .......... 18

CONCLUSION ................................................................................. 21

CERTIFICATE OF SERVICE .............................................................. 52

CERTIFICATE OF COMPLIANCE ....................................................... 53

# TABLE OF AUTHORITIES

## Cases

*Ex parte Garland*, 71 U.S. 4 Wall. 333 (1866)..................................................9

*Ex parte Wall*, 107 U.S. 265 (1883). ...........................................................12

*In re Blackwell*, 299 A.3d 561 (D.C. 2023)................................................ 1, 2, 11

*In re Burka*, 423 A.2d 181 (D.C. 1980)....................................... 2, 10, 11

*In re Clark*, 311 A.3d 882 (D.C. Cir. 2024) ............................... i, 1, 5, 12

*In re Colson*, 412 A.2d 1160 (D.C. 1979) ................................. 2, 10, 11

*In re Gault*, 387 U.S. 1\ (1967)...................................................................9

*In re Ruffalo*, 390 U.S. 544 (1968) ...................... 1, 2, 3, 9, 10, 11, 12, 16

*In re Thorup*, 432 A.2d 1221 (D.C. 1981 ..........................................2, 9

*In re Wild*, 361 A.2d 182, (D.C. 1976) ...................................... 2, 10

*Johnson v. United States*, 610 A.2d 729 (D.C. 1992)......................... 2, 10

*Kolibash v. Committee on Legal Ethics of West Virginia Bar*, 872 F.2d 571 (4th Cir. 1989) ................................................................................15

*M.A.P. v. Ryan*, 285 A.2d 310 (D.C. 1971) ............................... 2, 10

*Matter of Williams*, 464 A.2d 115 (D.C. 1983) .................................2, 9

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) ...............................................13

*Spevack v. Klein*, 385 U.S. 511 (1967) .................................... 9, 11, 12

*Trump v. United States*, 144 S. Ct. 2312 (2024)................... ii, 3, 4, 7, 8, 13, 14, 16

*Willingham v. Morgan*, 395 U.S. 402 (1969) .............................................3

*Wolters Kluwer Fin. Servs., Inc. v. Scrivantage*, 564 F.3d 110 (2d Cir. 2009)1, 11, 12

## Statutes

28 U.S.C. § 1455(b)(1)........................................................... 3, 4, 10

## Constitutional Provisions

U.S. Const., art. II, § 3 .........................................................................14

## GLOSSARY OF ACRONYMS AND ABBREVIATIONS

Board ........................................................D.C. Board of Professional Responsibility

DCCA..........................District of Columbia Court of Appeals (local Article I court)

ODC .............D.C. Office of Disciplinary Counsel (formerly called "Bar Counsel")

## INTRODUCTION AND RULE 35 STATEMENT

Respondent-Appellant, Jeffrey Bossert Clark, a former federal officer who removed a D.C. Bar discipline case against him to an Article III court, respectfully petitions for rehearing en banc pursuant to Federal Rule of Appellate Procedure 35.

The panel wrongfully affirmed the judgment of the U.S. District Court for the District of Columbia on the theory that Mr. Clark had filed a notice of removal out of time, construing the case as exclusively a civil case governed by a 30-day removal clock. *See* Attachment A at 6 (panel decision).[1]

The panel's decision plainly conflicts with the U.S. Supreme Court's decision in *In re Ruffalo*, 390 U.S. 544, 551 (1968), which held that adversary attorney discipline cases are "quasi-criminal" in nature. The panel held, to the contrary, that attorney discipline matters are not criminal prosecutions relying on two cases: (1) *In re Blackwell*, 299 A.3d 561, 570 n.3 (D.C. 2023); and (2) *Wolters Kluwer Fin. Servs., Inc. v. Scrivantage*, 564 F.3d 110, 117 (2d Cir. 2009). With respect, neither the D.C. Court of Appeals (which is subject to U.S. Supreme Court review pursuant to D.C. Code § 11-102 and 28 U.S.C. § 1257) nor the Second Circuit can ignore or change the law handed down by the Supreme Court.

---

[1] The case is not reported but is available at *In re Clark*, No. 23-7073, 2024 WL 3385251 (July 12, 2024).

The reliance on *In re Blackwell* is particularly erroneous because while it is a recent pronouncement of the D.C. Court of Appeals, it runs contrary to many cases handed down by the same court recognizing that *In re Ruffalo* controls and classifying D.C. Bar disciplinary cases as quasi-criminal. *See, e.g., Matter of Williams*, 464 A.2d 115, 118-19 (D.C. 1983) ("It is well settled that disciplinary proceedings are quasi-criminal in nature and that an attorney who is the subject of such proceedings is entitled to procedural due process safeguards. *In re Ruffalo*, 390 U.S. 544, 550 (1968); *In re Thorup*, 432 A.2d 1221, 1225 (D.C. 1981); *In re Burka*, 423 A.2d 181, 185 (D.C. 1980) (en banc); *In re Colson*, 412 A.2d 1160, 1164 (D.C. 1979) (en banc); *In re Wild*, 361 A.2d 182, 184 (D.C. 1976).").

D.C. Court of Appeals panel decisions bind later D.C. Court of Appeals panels unless and until the D.C. Court of Appeals later reverse them. *See, e.g., Johnson v. United States*, 610 A.2d 729, 730 (D.C. 1992) ("Nevertheless, *Dyson* is binding on us unless and until it is overruled by this court en banc. *M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C. 1971)."). And here, the preexisting precedent in the D.C. Court of Appeals **followed** *In re Ruffalo* and included no less than two instances where that Supreme Court precedent was followed by the D.C. Court of Appeals in **en banc** decisions that clearly bind that court. Hence, the panel's reliance on *In re Blackwell* as an outlier is clear legal error both because of the U.S. Supreme Court's supremacy

and because en banc and older decisions of the D.C. Court of Appeals following *In re Ruffalo* control over *In re Blackwell*.

This Circuit, the Second Circuit, and the D.C. Court of Appeals are all bound by *In re Ruffalo*, and en banc review must be granted to vacate the panel's decision and hold instead that the removal of a quasi-criminal matter is timely at any point before trial in a case where there is no arraignment. *See* 28 U.S.C. § 1455(b)(1). And here, removal in this matter occurred on October 17, 2022, which was 17 months before the trial in this matter before the D.C. Bar, which began on March 26, 2024 (concluding on April 4, 2024), and thus constituted timely removal.

The conflict between *In re Ruffalo* and the ruling of the panel is pellucid and en banc review should be granted without delay, so that Mr. Clark can vindicate his rights to federal-officer removal under 28 U.S.C. § 1442. One of the main purposes of federal-officer removal is to guarantee an Article III District Court forum for the adjudication of immunity defenses. *See Willingham v. Morgan*, 395 U.S. 402, 405 (1969) (removal avoids the risk that "hostile state courts" (D.C. is treated by D.C. Code Section 11-102 as a State's highest court equivalent) will not faithfully and neutrally adjudicate immunity and other federal defenses).

A major line of Mr. Clark's defense to the disciplinary charges is (1) the absolute immunity of President Trump to consult with the U.S. Justice Department under *Trump v. United States*, 144 S. Ct. 2312 (2024); (2) absolute prosecutorial

immunity under that case and based on a line of preexisting Supreme Court precedent; (3) qualified immunity applicable to presidential advisors; and (4) the *Trump* evidentiary exclusionary rule applicable to presidential consultations with U.S. Justice Department officials like Mr. Clark.

Mr. Clark should not be forced to adjudicate his federal immunity defenses in a localized Article I quasi-administrative forum as opposed an Article III court as Congress assured in Section 1442.

## QUESTIONS PRESENTED

The questions of exceptional importance presented here is:

1. Whether Mr. Clark timely removed a type of case denominated quasi-criminal by the U.S. Supreme Court, where such removal is timely under 28 U.S.C. § 1455(b)(1), as removal was completed 17 months before trial began in a case with no arraignment?

2. Are the subpoena proceedings and evidentiary issues moot where the Appellant has a pending petition for interlocutory review before the D.C. Court of Appeals asserting federal immunity defenses and the evidentiary exclusion rule of *Trump*, 144 S. Ct. 2312?

## BACKGROUND

On October 7, 2021, Senator Durbin (lacking in any personal knowledge and acting purely for himself and not the Senate Judiciary Committee), sent a letter to

the D.C. Office of Disciplinary Counsel ("ODC"). *See* JA 161. The letter asked ODC to open a disciplinary matter against Mr. Clark. *Id*. at 1. ODC opened its confidential investigation one week later. *See* JA 298.

Until mid-2022, the matter ground along in sealed proceedings concerning a subpoena dispute that ultimately resolved on March 15, 2024 in a decision by the D.C. Court of Appeals quashing the relevant subpoenas for violating Mr. Clark's Fifth Amendment rights. *See In re Clark*, 311 A.3d 882 (D.C. Cir. 2024). On July 19, 2022, D.C.'s Office of Disciplinary Counsel ("ODC") filed public charges against Mr. Clark claiming two theories of ethical violation. *See* J.A. 1.

Mr. Clark answered the Charges on September 1, 2022 asserting multiple immunity defenses. *See* J.A. 1, 102. Mr. Clark also contended that out that the first round of subpoena motions were still pending were still pending at the D.C. Court of Appeals level, the D.C. Bar's Hearing Committee #12 and Board of Professional Responsibility were divested of jurisdiction. *See* J.A. 106. The D.C. Court of Appeals on September 15, 2022 dismissed ODC's then-pending first round of subpoenas as moot. *See* JA 154. The D.C. Court of Appeals dodged the issue of whether the lower-level processes were divested of jurisdiction during the proceedings before the D.C. Court of Appeals. Mr. Clark removed the Charges to the U.S. District Court for the District of Columbia on a timely basis assuming: (1) the Charges constituted a civil case; and (2) the Charges could not become legally

operative until September 15, 2022. Removal occurred on October 17, 2022 (which fit the 30-day limit based on Federal Rule of Civil Procedure 6).

In its decision, the panel rejected Mr. Clark's divestiture-of-jurisdiction theory. *See* Attachment A at 7. We disagree with that ruling but acknowledge that there is no precedent on that particular topic and thus it is not presented as an assignment of error in this en banc petition.

Mr. Clark also removed multiple rounds of subpoenas issued by ODC *after* the Charges were filed. The panel effectively conceded those removals were timely. To hold that those removals (*i.e.*, Case Nos. 23-7073 & 23-7074, consolidated into the initial Case Number for this case of 23-7072) were non-justiciable, the panel held they were moot principally because the trial was complete before Hearing Committee #12 and because ODC disclaimed filing additional subpoenas. *See* Attachment A at 5.

On June 8, 2023, the District Court ordered a remand and issued a memorandum opinion. *See* J.A. 541-42. The District Court's theory differed from the panel's theory, with the District Court holding that D.C. attorney discipline matters were neither civil nor criminal. *See* J.A. 556-61. The District Court had also rejected the removability of the subpoenas, ignoring 28 U.S.C. 1442(d)(1), which provides that "[t]he terms 'civil action' and "criminal prosecution' include any proceeding (whether or not ancillary to another proceeding) to the extent that in such

proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued. If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, only that proceeding may be removed to the district court."). J.A. 574-77.

As noted above, Hearing Committee #12 conducted a trial from March 26, 2024 to April 4, 2024. Our petition for interlocutory appeal of the rejection of immunity defenses, especially in the wake of the July 1, 2024 immunity decision in *Trump*, remains pending and that appeal includes the argument that the proceedings cannot close because evidence was admitted in violation of *Trump*'s evidence-exclusionary rule and in violation of Mr. Clark's absolute or qualified immunity defenses. For this reason, the panel's conclusion that it clear as of the time the panel issued its decision (July 12, 2024), the Hearing Committee #12 trial proceedings were finished. *See* Attachment A at 5 ("Disciplinary Counsel also confirmed that Clark's Hearing Committee proceeding has concluded, the factual record is complete …."). With all respect to the panel, Disciplinary Counsel **believes** the trial has concluded but we are disputing that in the interlocutory appeal, while we maintain that, at the very least, a new trial would be required, in which all evidence violating the new *Trump* exclusionary rule would be excluded. ODC may try to disclaim that it would disclaim issuing any subpoenas to acquire evidence that could comport with *Trump*, though we argue below that this is merely a voluntary-

cessation tactic designed to strategically secure a mootness ruling and defeat Mr. Clark's removal rights.

This appeal ensued and the panel decision was issued on July 12, 2024. *See generally* Attachment A. The two holdings relevant for this en banc petition are (1) the panel's decision that the initial removal of the Charges was untimely because it is exclusively a civil matter (implicitly rejecting the District Court's theory that bar discipline cases are neither civil nor criminal); and (2) the removal of the subpoenas was mooted by (a) the D.C. Court of Appeals decision quashing the subpoenas; (b) the conclusion of the trial process below; and (c) ODC's profession that it would seek no more subpoenas, which we think is especially no longer reliable not only because of the voluntary cessation exception to mootness but because the *Trump* decision created a new exclusionary rule that would inherently require ODC to reconsider this entire case and whether any existing evidence it possesses could be put into the record of a new trial.[2]

## ARGUMENT

### I. THE CHARGES IN THIS CASE WERE REMOVED ON A TIMELY BASIS BECAUSE THE SUPREME COURT HAS HELD

---

[2] On August 20, 2024, Mr. Clark filed a motion to recall the mandate in this case, which the Clerk had erroneously issued earlier the same day. Mr. Clark as a former federal officer is entitled to 45 days in which to seek rehearing under Fed. R. Appellate Procedure 40(a)(1)(D) and Circuit Rule 35. That period expires today, August 26, 2024. The Clerk, however, issued the mandate prematurely. ODC filed an opposition to our motion to recall the mandate on grounds of clerical error earlier today. We will timely file a reply brief.

*In re Ruffalo* from the U.S. Supreme Court clearly controls this case. It classifies bar discipline cases as "quasi-criminal." In this case, the Supreme Court of Ohio had disbarred an attorney. He was then ordered to show cause by a federal district court why he should not be disbarred. The district court held that there was no misconduct. But the Sixth Circuit likewise ordered the lawyer to show cause why he should not be disbarred and ruled, 2 to 1 that he should be disbarred on one of the charges against him. *See In re Ruffalo*, 390 U.S. at 545.

The Supreme Court held that the lawyer had been deprived of due process rights tied to the nature of the proceeding against him, stating "These are adversary proceedings of a quasi-criminal nature. *Cf. In re Gault*, 387 U.S. 1, 33 [(1967)]." The charge must be known before the proceedings commence." The Court also recognized, based on older precedent, that "[d]isbarment, designed to protect the public, is a punishment or penalty imposed on the lawyer. *Ex parte Garland*, [71 U.S.] 4 Wall. 333 [(1866)]; *Spevack v. Klein*, 385 U.S. 511, 515 [(1967)]."

Moreover, the D.C. Court of Appeals began by following *In re Ruffalo*. *See, e.g., Matter of Williams*, 464 A.2d 115, 118-19 (D.C. 1983) ("It is well settled that disciplinary proceedings are quasi-criminal in nature and that an attorney who is the subject of such proceedings is entitled to procedural due process safeguards. *In re Ruffalo*, 390 U.S. 544, 550 (1968); *In re Thorup*, 432 A.2d 1221, 1225 (D.C. 1981);

*In re Burka*, 423 A.2d 181, 185 (D.C. 1980) (en banc); *In re Colson*, 412 A.2d 1160, 1164 (D.C. 1979) (en banc); *In re Wild*, 361 A.2d 182, 184 (D.C. 1976)."

Both *In re Burka* and *In re Colson* are en banc decisions of the D.C. Court of Appeals and thus are fully binding on all subsequent D.C. Circuit panels, until reversed by a later en banc decision. *See, e.g., Johnson v. United States*, 610 A.2d 729, 730 (D.C. 1992) ("Nevertheless, *Dyson* is binding on us unless and until it is overruled by this court en banc. *M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C. 1971).").

Applying law to fact, the removal of the Charges below on the ground that they were at least partially criminal in nature was plainly timely under 28 U.S.C. § 1455(b)(1) because it occurred 17 months before trial and there was no arraignment before Hearing Committee #12 or the Board of Professional Responsibility. Section 1455(b)(1) provides as follows:

> A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

The panel avoided this conclusion, first, by ignoring *In re Ruffalo* which we cited in our opening brief. *See* Clark Opening Br. at 34.

The second ground upon which the panel avoided application of *In re Ruffalo* was by classifying bar discipline cases as exclusively civil. But runs into the brick

wall of *In re Ruffalo* as well as *In re Burka* and *In re Colson*, as well as numerous other D.C. Court of Appeals cases.

The third and final ground on which the panel used avoided application of these precedents was a line of D.C. Court of Appeals cases that resist *In re Ruffalo* and its Article I progeny in D.C. The panel cited (1) *In re Blackwell*, 299 A.3d 561, 570 n.3 (D.C. 2023); and (2) *Wolters Kluwer Fin. Servs., Inc. v. Scrivantage*, 564 F.3d 110, 117 (2d Cir. 2009). These citations are unavailing.

***First***, neither a D.C. Court of Appeals case nor a Second Circuit case can change Supreme Court precedent including *In re Ruffalo* and its ancestry in *Ex parte Garland* and *Spevack v. Klein*.

***Second***, relying on *In re Blackwell* is especially mistaken because that case is *dicta*. It simply notes in a footnote the view of the panel there that bar cases are in no ways criminal. But what was actually at stake was D.C. Rule of Professional Conduct 3.8(d). The panel held that even if Disciplinary Counsel were the equivalent of a criminal prosecutor, Rule 3.8(d) could not be applied because (1) ODC was not aware of the evidence that was not produced; and (2) the lawyer failed to timely raise the failure to produce the evidence. Mr. Clark timely argued at all stages of the Article III removal proceedings that the D.C. Bar disciplinary process, in accord with *In re Ruffalo*, was quasi criminal in nature. Finally, *In re Blackwell* was not an en

banc decision and thus cannot be taken to override superior en banc rulings of the D.C. Court of Appeals.

*Third*, *Wolters Kluwer* resists the Supreme Court's more recent categorization of bar discipline matters as quasi criminal, arguing that the "tools of attorney discipline, such as reprimands, are not traditional criminal punishments, as they serve not merely to punish and deter like the criminal law, but to ensure ethical conduct before the courts." 564 F.3d at 117, *citing Ex parte Wall*, 107 U.S. 265 (1883). But *Ex Parte Wall* predates *In re Ruffalo* by 85 years and *Spevack v. Klein* by 84 years. The more recent Supreme Court cases are to be followed and they easily override *Wolters Kluwer*. "The threat of disbarment and the loss of professional standing, professional reputation, and of livelihood are powerful forms of compulsion to make a lawyer relinquish the privilege." 385 U.S. at 516 (supporting the March 15, 2024 Fifth Amendment ruling in Mr. Clark's favor by the D.C. Circuit).

## II. THE CASE IS REMOVABLE UNDER THE PLAIN TEXT OF 28 U.S.C. § 1442.

The panel held that the subpoena proceedings removed in the second and third removals were moot for several reasons. *First*, the D.C. Court of Appeals held the subpoenas unenforceable on March 15, 2024 in *In re Clark*, 311 A.3d 882, 886 (D.C. 2024), and, *second*, "[t]here is no prospect of further review because Disciplinary

Counsel has disclaimed any plan to seek review of the D.C. Court of Appeals decision." Attachment A at 5.

However, the pendency of Mr. Clark's petition for interlocutory review before the D.C. Court of Appeals means the prospect of further review cannot be so definitively foreclosed. That petition for review asserts a right to interlocutory review of the immunity defenses that were rejected at the Hearing Committee and Board levels based on *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985) and *Trump*, 144 S. Ct. 2312. Those immunity defenses were based on both the law before *Trump* and the *Trump* decision itself. The gist of those defenses, asserted before and after the evidentiary hearing, is that as a matter of constitutional law under the Supremacy Clause and the separation of powers, the D.C. Bar's disciplinary processes cannot intrude into the privileged deliberations of the President and his senior legal advisors about the exercise of the President's core Article II authorities under the Take Care Clause.

Mr. Clark also asserted, both before and after *Trump* and before and after the evidentiary hearing, that the Hearing Committee was barred from receiving evidence that would intrude on executive privilege and other presidential communications privileges. The immunity and evidence exclusion arguments made before *Trump* were, of course, vindicated and strengthened by that decision.

If we prevail in the petition for interlocutory review and the D.C. Court of Appeals enforces the evidentiary ban and we are granted a new trial, the evidentiary issues the panel held were moot are not so clearly moot (even accepting the panel's arguments). At that point, Disciplinary Counsel would face a new decision about whether he has sufficient admissible evidence to proceed or will seek other evidence by subpoena or otherwise. We note in this regard: (1) the Supreme Court held that President Trump's consultations with the U.S. Justice Department concerning the 2020 election fell within the core executive function to "take Care that the Laws be faithfully executed" and were absolutely immune U.S. Const., art. II, § 3. *Trump*, 144 S. Ct. at 2327, 2334-35. This is the very conduct for which Mr. Clark is charged in this case; (2) a five-Justice majority held in Section III-C of *Trump* that evidence concerning the President's official acts (which include his consultations with Mr. Clark) are *per se* inadmissible in judicial proceedings against the President. *Trump* at 2340-41. The entirety of Disciplinary Counsel's evidence at the hearing consisted of testimony that would be excluded under the *Trump* evidentiary rule because it all related to the President's exercise of his absolutely immune core Article II authorities. This means that, at the very least, even without removal, Mr. Clark is entitled to a new trial in the local D.C. Bar process.

In light of the foregoing, the panel's conclusion that the second and third removals were moot because there was "no prospect of further review" of the

subpoenas or related evidentiary issues must be reconsidered. Most importantly, the panel erred in treating the proceedings in the lower levels of the bar process as if they could definitively bar the federal-officer removal here. That reasoning collapses because the whole point of the removal and the immunity defenses and evidentiary exclusion is that no trial should have been held in the first place. The removal of the Charges and the subpoenas were effective in 2022, approximately a year and a half accepted, there not have been a ruling on the validity of the post-Charges subpoenas or a trial held from March to April of this year.

These proceedings have already gone far off track as a result of (1) ODC refusing to adhere to Mr. Clark's constitutional rights to assert the Fifth Amendment and defend the separation of powers. Separation of Powers would be broken if an Article I entity like ODC and the D.C. Bar could penetrate into the sanctums of the Article II Executive Branch; and (2) a hostility to Article III courts having to wade into bar discipline matters. This is misplaced and risks creating a Circuit split with the Fourth Circuit in *Kolibash v. Committee on Legal Ethics of West Virginia Bar*, 872 F.2d 571 (4th Cir. 1989), which did not strain to try to find a reason to reject removal by a U.S. Attorney of a bar discipline case brought against him by the State of West Virginia.

## CONCLUSION

The panel decision should be reheard en banc and the District Court remand

order reversed.

The panel decision violates *In re Ruffalo* as well as both that case's ancestry **and** its progeny. Additionally, the panel decision is logically incoherent because it holds timely removals of subpoenas issued by ODC to Mr. Clark because of later developments in the D.C. Court of Appeals. But the D.C. Court of Appeals never should have been hearing appeals in this case once removal occurred. That stripped the D.C. Court of Appeals of the jurisdiction to adjudicate anything in this matter, preventing it from taking acts to moot the removal. Lastly, even on its own terms, the panel's predictions that this case's adjudication had concluded below was also incorrect and premature, as the Supreme Court's July 1, 2024 decision in *Trump* on immunity for presidential consultations with the Justice Department lays bare.

August 26, 2024

Respectfully submitted,

*/s/ Harry W. MacDougald*

Charles Burnham
Burnham and Gorokhov, PLLC
Suite 500
1424 K Street, NW
Washington DC 20005
(202) 386-6920
charles@burnhamgorokhov.com

Harry W. MacDougald
Caldwell, Carlson,
     Elliott & DeLoach LLP
Suite 1600 Atlanta
Two Ravinia Drive
Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com

*Attorneys for Appellant Jeffrey B. Clark*

**CERTIFICATE OF SERVICE**

I certify that on March 7, 2024, the foregoing document was served on all

parties or their counsel of record through the CM/ECF system.


*/s/ Harry W. MacDougald*

Harry W. MacDougald
Caldwell, Carlson,
   Elliott & DeLoach LLP
Suite 1600 Atlanta
Two Ravinia Drive
Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with Fed. R. App. P. 32(a)(7)(B) because it contains 3880 words, excluding the portions of the brief exempted by Fed. R. App. P. 32(f) and Circuit Rule 32(e)(1), according to the count of Microsoft Word.

I certify that this brief complies with the typeface and type-style requirements of Fed. R. App. P. Rule 32(a)(5)-(6) because it has been prepared in a proportionally spaced 14-point font, Times New Roman.


*/s/ Harry W. MacDougald*

Harry W. MacDougald
Caldwell, Carlson,
    Elliott & DeLoach LLP
Suite 1600 Atlanta
Two Ravinia Drive
Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com