# CALDWELL, CARLSON, ELLIOTT & DeLOACH, LLP

HARRY W. MACDOUGALD
MANAGING PARTNER

ATTORNEYS AT LAW

SIX CONCOURSE PARKWAY
SUITE 2400
ATLANTA, GEORGIA 30328

TELEPHONE 404-843-1956
FACSIMILE 404-843-2737

hmacdougald@CCEDlaw.com
www.CCEDlaw.com

**August 28, 2024**

**VIA USPS MAIL:**
Mark Langer
Clerk of the D.C. Circuit Court of Appeals
E. Barrett Prettyman U.S. Courthouse

William B. Bryant Annex
333 Constitution Ave., NW
Washington, DC 20001

> *Re: In re Jeffrey B. Clark, v. D.C. Office of Disciplinary Counsel, Case Nos. 23-7073, 23-7074, and 23-7075 (consolidated)*

Dear Mr. Langer:

Pursuant to Rule 28(j) of the Rules of the D.C. Circuit Court of Appeals, I write to inform the Court of supplemental authority as follows:

On August 26, 2024, Special Counsel Jack Smith filed a superseding indictment of President Donald J. Trump in *U.S. v. Trump*, U.S.D.C. D.C. case no. 1:23-cr-00257-TSC. *See* Attachment 1.

The superseding indictment is the Special Counsel's response to the Supreme Court's decision in *Trump v. United States*, 144 S. Ct. 2312 (2024).

Consistent with the immunity doctrines set forth in *Trump v. U.S.*, the superseding indictment deletes entirely all allegations relating to the President's official acts, including and especially those with the Department of Justice and Mr. Clark. Mr. Clark had been unindicted co-conspirator #4 in the original Special Counsel indictment. The issuance of a new indictment handed down by a new grand jury effectively concedes that Mr. Clark is not just unidicted, but unindictable.

The superseding indictment's deletion of these allegations as required by *Trump v. U.S.* bolster's Mr. Clark's immunity and evidentiary arguments as they tie into his pending petition for rehearing en banc, which argues that Mr. Clark's removal of a quasi-criminal bar discipline matter was timely. The entire key purpose of removal is to allow Mr. Clark to obtain an Article III court adjudication of his immunity defenses and for such immunity defenses not to be adjudicated by an Article I court (or by a state court, had Mr. Clark's jurisdiction of bar licensure been different). The hostility shown in the District Court below and before the panel to allowing removal jurisdiction to attach to a bar disciplinary matter is thus misplaced.

Respectfully submitted,

Caldwell, Carlson, Elliott & DeLoach, LLP

Harry W. MacDougald

cc    Hamilton P. Fox, Esq.
Jason Horrell, Esq.
Jack Metzler, Esq.