# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| IN RE JEFFREY B. CLARK, *Respondent-Appellant,* v. D.C. OFFICE OF DISCIPLINARY COUNSEL, *Appellee.* | Case Nos. 23-7073, 23-7074, and 23-7075 (consolidated)<br><br>On Appeal from the U.S. District Court for the District of Columbia, Case Nos. 22-mc-00096-RC, 22-mc-00117-RC, and 23-mc-00007-RC |

## APPELLANT'S REPLY IN SUPPORT OF MOTION TO RECALL THE MANDATE

The Appellant's Motion to Recall the Mandate is based on the contention that as a "former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf," Fed. Rule App. P. 40(a)(1)(D), Mr. Clark is entitled to 45 days within which to seek en banc rehearing, that this period expired on August 26, 2024, and that the Clerk's issuance of the mandate on August 20, 2024 was therefore six days premature.

The Appellee, the D.C. Office of Disciplinary Counsel ("ODC") contends that Mr. Clark is not a former federal officer "sued in his individual capacity for an act or omission occurring in connection with duties performed on the United States'

behalf." FRAP 40(a)(1)(D).

ODC concedes that this case, and the underlying disciplinary case, arise from and are based on conduct occurring while Mr. Clark was a federal officer. ODC could hardly argue otherwise. Paragraph 8 of the Specification of Charges, JA42, states that "8. Respondent had been appointed the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice. At all relevant times, because of a vacancy,[1] he also served as the Acting Assistant Attorney General for the Civil Division."

ODC argues instead that the Appellant Mr. Clark is not being "sued" within the meaning of FRAP 40(a)(1)(D). "Disciplinary Counsel did not 'sue' Clark to initiate that [disciplinary] proceeding." ODC Opposition at 2. ODC further argues that as the removing party, Mr. Clark "was not 'sued' in any sense or capacity" and that "he was the party who initiated the case." *Id*. at 3. The argument is both pure *ipse dixit*, as ODC cites no supporting authority for it whatsoever, and flatly incorrect, as ODC initiated this case in the D.C. Court of Appeals adjunct process where (if removal is not permitted) the case will ultimately go to be adjudicated. Mr.

---

[1] This is not entirely accurate. There was a vacancy but Mr. Clark simultaneously served not just as the Senate-confirmed head of the Environment & Natural Resources Division but the Acting Assistant Attorney General for the Civil Division because former Attorney General specifically selected him for that role; it was not automatic. Mr. Clark was the only Assistant Attorney General to run two of DOJ's seven litigating Divisions simultaneously.

2

Clark removed ODC's case as a defensive matter, just as the former U.S. Attorney did in *In re Kolibash*, 872 F.2d 571 (4th Cir. 1989) (Wilkinson, J., for a unanimous court).

Moreover, as to the question of what is meant by the word "sued" in FRAP 40(a)(1)(D), it should certainly not be given the pettifogging meaning urged by ODC. The disciplinary case has the attributes of a conventional lawsuit. It seeks an extraordinary remedy, stripping Mr. Clark of his law license. That ODC does not seek damages cannot carry the weight claimed by ODC and it was certainly no barrier to the panel in this case characterizing the removed case as civil in nature. Bar discipline is "quasi-criminal" in nature as we have explained in our pending petition for rehearing in banc (meaning that the proceeding is in part criminal and in part civil—a hybrid).

Additionally, Mr. Clark is entitled to procedural constitutional protections during the course of the case and to assert defenses of immunity. *See infra* n.2. ODC seeks Mr. Clark's disbarment and the revocation of his property interest in his license to practice law. The case was commenced by the filing of a Specification of Charges (Mr. Clark did not sue himself or initiate this case; ODC did). JA40. The Charges were served upon Mr. Clark, with a set of instructions to file his answer within 20 days, the equivalent of a service of a complaint, summons, and process. JA50-52. Mr. Clark filed an answer denying the charges and asserting various federal defenses,

including immunity and qualified immunity. JA103, JA105-116.² Thereafter, discovery ensued through subpoenas that were ultimately quashed by the D.C. Court of Appeals. There was pre-trial motion practice. Trial subpoenas were available to compel the attendance of witnesses and production of documents. Witnesses testified at trial live and remotely. Objections to questions and answers were made and ruled upon. Documentary evidence was proffered and admitted or excluded. There was closing argument and post-trial briefing. The Hearing Committee issued a lengthy report and recommendation against Mr. Clark on one charge and in his favor on the second, and recommended a two-year suspension of his license and that certain conditions be imposed on reinstatement. Both Mr. Clark and ODC filed exceptions to the report and recommendation of the Hearing Committee, triggering review by the Board of Professional Responsibility ("Board"). Proceedings before the Board are effectively stayed pending resolution of Mr. Clark's Petition for Interlocutory Review by the D.C. Court of Appeals. (Mr. Clark has also filed a notice of appeal to the Board and will soon file a petition for mandamus as well to ensure that his right to seek interlocutory appeal to advance his federal immunity defenses is protected).

All of this carries the fundamental attributes of Mr. Clark being "sued" for

---

² The Fifth (JA106), Sixth (*id.*) Eighth (JA109), and Tenth Defense (JA110), were thoroughly vindicated by *Trump v. United States*, 144 S. Ct. 2312 (2024). *See also* the Twenty-Fourth Defense (JA116) (asserting qualified immunity, like that afforded to former Attorney General Mitchell as a presidential advisor and appointee in *Mitchell v. Forsyth*, 472 U.S. 511 (1985).

purposes of FRAP 40(a)(1)(D). The case looks, walks and quacks like a duck. Bar disciplinary proceedings do not have the metaphysical quality of being ***in the litigation world*** — sufficient to result in disbarment — but not ***of the litigation world*** — making them insufficient to be a "suit" against Mr. Clark — as ODC claims.

Moreover, courts are used in California and Texas to resolve all stages of attorney discipline (in Texas by virtue of an election by the respondent lawyer).[3] The D.C. Court of Appeals does not have to use exactly the same approach as California or Texas but it cannot postpone the use of a court qua court and in the process set up a system that evades removal to the Article III courts or evades the procedural rights (such as the timing allotted for filing en banc petitions) of former federal officers by initially making use only of volunteer lawyers and lay people in a quasi-administrative process like the Hearing Committee and Board process that has been erected in D.C. A suit cannot be made into a non-suit by avoiding the use of a formal court except at the final stage of the process.

ODC's position is essentially a reprise of arguments it made on the merits of removal that attorney discipline proceedings were not within the scope of the federal officer removal statute because they were neither a civil nor a criminal action. The

---

[3] *See* https://www.statebarcourt.ca.gov/; Texas Rules of Disciplinary Procedure, Rule 2.15 *available at* https://www.texasbar.com/AM/Template.cfm?Section=Search&ContentID=62528&Template=/CM/ContentDisplay.cfm .

panel effectively rejected that ODC position by holding that the case was exclusively civil in nature, which makes Federal Rule of Appellate Procedure 40(a)(1)(D) applicable by its own terms. Moreover, ODC's argument was substantially groundless in light of the 2011 amendments to 28 U.S.C. § 1442, which made it pellucid that it applies to "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." As we argued on the merits, that amendment was specifically intended to extinguish the argument that proceedings such as subpoena enforcement were not subject to removal. The amendments in 2011, in other words, were designed to focus on substance and disallow arguments based on form over that substance.

**CONCLUSION**

Mr. Clark is a former federal officer. He is being sued by ODC for disbarment over his conduct while a federal officer. A panel of this court in its decision construed the case as one that was civil in nature.[4] He is accordingly entitled to the 45-day period for seeking rehearing provided by FRAP 40(a)(1)(D). Therefore, the mandate was issued prematurely and should be recalled. And the en banc petition resolved on

---

[4] This is correct but not entirely so. As the substance of our now-filed en banc petition demonstrates, the Supreme Court has held that attorney discipline matters are quasi-criminal and the panel erred by ignoring that binding Supreme Court characterization of cases like this one, which is why en banc review should be granted.

6

the merits.

| | |
|---|---|
| August 29, 2024 | Respectfully submitted, |
| | */s/ Harry W. MacDougald* |
| | Harry W. MacDougald |
| Charles Burnham | Caldwell, Carlson, |
| Burnham and Gorokhov, PLLC |    Elliott & DeLoach LLP |
| Suite 500 | Suite 1600 Atlanta |
| 1424 K Street, NW | Two Ravinia Drive |
| Washington DC 20005 | Georgia 30346 |
| (202) 386-6920 | (404) 843-1956 |
| charles@burnhamgorokhov.com | hmacdougald@ccedlaw.com |

*Attorneys for Appellant Jeffrey B. Clark*

# CERTIFICATE OF SERVICE

I certify that on August 30, 2024, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.


*/s/ Harry W. MacDougald*
Harry W. MacDougald
Caldwell, Carlson,
   Elliott & DeLoach LLP
Suite 1600 Atlanta
Two Ravinia Drive
Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with FRAP 27(d)(2)(A) because it contains 1420 words, excluding the portions exempted by analogy to FRAP 32(f) and Circuit Rule 32(e)(1), according to the count of Microsoft Word.

I certify that this brief complies with the typeface and type-style requirements of Fed. R. App. P. Rule 27(d)(1)(E), Circuit Rule 27(a)(2) and FRAP 32(a)(5)-(6) because it has been prepared in a proportionally spaced 14-point font, Times New Roman.

*/s/ Harry W. MacDougald*
Harry W. MacDougald
Caldwell, Carlson,
    Elliott & DeLoach LLP
Suite 1600 Atlanta
Two Ravinia Drive
Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com